UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>JUN MATSUMOTO,<br><br>Applicant. | Case No. 24-mc-80140-PCP<br><br>**ORDER ON EX PARTE DISCOVERY APPLICATION**<br><br>Re: Dkt. No. 1 |

Jun Matsumoto seeks an ex parte order authorizing him obtain documents from Google LLC to use in a court proceeding in Japan under 28 U.S.C. § 1782. The application is granted.

## I. Background

Mr. Matsumoto runs an animal hospital in Osaka, Japan. He plans to sue two people who posted one-star reviews of the hospital on Google Maps, accompanied by what he claims are false and offensive comments based on a grudge. Because the reviewers' Google accounts do not include their true names, Mr. Matsumoto seeks discovery from Google find out who they are.

## II. Legal Standard

There are three statutory requirements for this Court to authorize discovery under Section 1782: (1) the target must reside in this district, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made by that tribunal or another "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Even when these requirements are met, this Court has discretion over whether to grant an application under Section 1782. Four factors inform this decision: (1) whether the entity from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the tribunal to judicial assistance

by this Court; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

### III. Analysis

Mr. Matsumoto meets the statutory requirements for Section 1782 discovery. First, Google is located in this district. Second, the discovery is for use in a foreign proceeding that Mr. Matsumoto reasonably contemplates pursuing. Third, he is an interested person in that proceeding.

The discretionary *Intel* factors also support Mr. Matsumoto's application. First, Google will not be a party to the anticipated proceedings. Second, Mr. Matsumoto represents that Japanese courts are receptive to assistance by American counterparts. Third, he also represents that Japanese law would not, to his knowledge, restrict gathering the information he seeks. The Court sees no reason to question either of these representations. Finally, Mr. Matsumoto's request appears to be narrowly tailored and not unduly intrusive or burdensome: All he seeks from Google is information identifying the two Google accounts at issue, as well as the accounts' access logs (including IP addresses) for the period during which the one-star reviews were posted.

Based on these factors, the Court will grant Mr. Matsumoto's application. As this is an ex parte application, Google of course remains free to object or move to quash the subpoena.

### IV. Conclusion

Mr. Matsumoto's application is granted. He may serve his proposed subpoena on Google.

**IT IS SO ORDERED.**

Dated: July 15, 2024

P. Casey Pitts
United States District Judge